HARRY S. GRIFFIN, plaintiff below, plaintiff in error, *vs.* THE STAR
    PRINTING COMPANY, a corporation of the State of Delaware,
    defendant below, defendant in error.

*Sale of Goods—Action to Recover Damages—False and Fraudulent*
    *Representations—Opportunity to Inspect—Duty to Inspect—*
    *Acceptance of Bill of Sale—Parol Evidence to Impeach—*
    *Fraud Must be Proved—Evidence of Breach of War-*
    *ranty not Admissible under Allegations of*
    *Fraud.*

1.   No action for damages can be maintained against the seller of
goods and chattels for false and fraudulent representations as to their
quality, if the buyer could, by ordinary diligence, have ascertained it for
himself; and especially so, if the buyer was given full opportunity for   in-
spection before concluding the transaction.

2.   An action to recover damages for false and fraudulent representa-
tions in the sale of goods and chattels cannot be maintained, in the absence
of proof that the seller knowingly made such representations, with intent
to deceive, on which the buyer, in ignorance, relied to his damage.

3.   A bill of sale with schedule of the goods sold annexed, evidencing
the agreement reached between the buyer and the seller, and accepted by
the buyer, cannot, in the absence of fraud on the part of the seller, be
varied or modified by parol evidence.

4.   Parol evidence is admissible to attack a bill of sale, if the sale it-
self was effected by fraud.

5.   Fraud is never presumed, but must be proved, and the burden of
proving it is upon the party alleging it.

6.   In an action by a buyer against a seller in which all the counts in
the declaration allege fraud and deceit, evidence of a breach of warranty is
not admissible.

7.   In order to introduce evidence of a breach of warranty of quality
of goods sold, it is necessary to declare upon such breach.

8.   If a buyer undertakes to recover damages for false and fraudulent
representations in the sale of goods, the burden of proof is upon him to
establish such fraud by clear and satisfactory evidence.

Del. cases cited:   *Pearce vs. Carter*, 3   *Houst.*   385;  *Mears
vs. Waples*, 3 *Houst.* 619; *Kirkley vs. Lacey*, 7   *Houst.*   218;  *Free-
man vs. Wise*, 1   *Mar.*   178.

(*January* 19, 1910.)

CURTIS, Chancellor, PENNEWILL, Chief Justice, and Asso--
ciate Judges CONRAD, WOOLLEY and HASTINGS sitting.

*Leonard E. Wales* for plaintiff in error.

*John F. Neary* for defendant in error.

Supreme Court, January Term, 1910.

WRIT OF ERROR (No. 4, January Term, 1909) to the Superior
Court for New Castle County.

CONRAD, J., delivering the opinion of the Court:

By a bill of sale, dated July 2, 1908, The Star Printing Comp-
any sold to Harry S. Griffin certain goods and chattels, consisting
of various printing machinery and materials that theretofore had
constituted part of the printing plant of the John M. Rogers Press
in Wilmington.   After the goods had been paid for and delivered
to the vendee he complained that he had not received all of the
goods that he had bought or bargained for, his contention being
that he was entitled to all the goods that were in a certain depart-
ment of the Rogers plant when he inspected it some two weeks
before the execution of the bill of sale.

Attached to the bill of sale was a schedule containing an
itemized list of the goods and chattels which were to pass by the
bill of sale, the bill of sale referring particularly to the schedule
attached.

Harry S. Griffin, the plaintiff in error, brought suit against
The Star Printing Company, being suit No. 100 to September
Term, A. D., 1907, the declaration filed in said case charging that
the defendant had falsely and fraudulently deceived him in the
sale of said machinery, etc., and claiming damages therefor.

The case was tried at the November Term, A. D. 1908.

At the conclusion of the plaintiff's case, a motion for a nonsuit was made by defendant's counsel, on the ground that the plaintiff had utterly failed to prove any fraudulent representation, such as he had a right to rely upon to avoid the contract of sale of July 2, 1907. The Court below granted the nonsuit, and the plaintiff declining to take a nonsuit, the Court directed the jury to find a verdict for the defendant, which was accordingly entered. A writ of error was then taken to this Court.

The questions of law presented to this Court in this case lie within a very narrow compass,—in fact the sole question is this: Did the plaintiff produce any testimony that should have been submitted to the jury tending to show such fraud as would vitiate the contract of July 2, 1907?

A careful reading of the testimony in the case establishes beyond doubt that the plaintiff in error had ample opportunity to know what he was buying; that he had inspected the goods prior to the sale; that considerable time was consumed in the negotiations leading up to the execution of the bill of sale; and that every opportunity was given to the plaintiff to know what he was to get. That finally a bill of sale was drawn, with an elaborate schedule attached containing in detail a list of the articles to pass by the sale. The whole transaction was open and fair and if the plaintiff failed to examine the schedule attached to the bill of sale, he has no one to blame for his omission except himself.

The plaintiff having accepted the bill of sale, was bound by it, and by the schedule annexed. The bill of sale evidenced the agreement reached by the parties and in the absence of fraud on the part of the vendor, the vendee was estopped from varying or modifying the agreement by parol testimony. That doctrine has long since been settled in Delaware and elsewhere. The only way in which the plaintiff could vitiate the bill of sale was to show fraud, and this, of course, could be done by parol evidence. The burden of proof was on him to do this, but he failed to establish such fraud.

Fraud is never presumed to exist; on the contrary it must be

·clearly established by the evidence.    What constitutes fraud is a ·question of law for the Court.

These propositions of law are upheld by the following Delaware cases:

*Pearce vs. Carter,* 3 *Houst.*385; *Mears vs. Waples,* 3 *Houst.* ·619; *Kirkley vs. Lacey,* 7 *Houst.* 218; *Freeman vs. Wise,* 1 *Mar.* 178.

Plaintiff in error contended that he was entitled to show an implied warranty in the transaction, but plaintiff not having declared on an implied warranty, he could not introduce testimony to show a warranty.    All of the counts in plaintiff's declaration alleged fraud and deceit, but there was no allegation of ·warranty.

The record in this case shows that the Court below correctly passed upon the admissibility of testimony offered by the plaintiff tending to show fraud or deceit in the negotiatiọns leading up to the signing of the bill of sale.    The Court below decided that ·the evidence adduced did not prove such fraud as would vitiate the contract.    The record of the case as reviewed and considered, discloses nothing to lead this Court to conclude that the facts as shown by the testimony produced on the part of the plaintiff in ·the Court below established such fraud as would vitiate the contract; neither does this Court find anything in the record that would justify it in the conclusion that any evidence was improp-·erly excluded.

The judgment of the Court below is affirmed.